IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC DEROSSE WALKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 07-585-DRH** |
| | ) |
| **SARA REVELL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

In April 2005, Plaintiff shared a 12-man housing unit with seven other inmates. Those housing units, referred to as "tanks," were being closed, but Plaintiff and his cell mates were reluctant to move to the three-man units. On April 15, Plaintiff was pulled from his job assignment and told that a knife had been found inside a broom handle in his housing unit. Despite his claims that he knew nothing about the knife, Plaintiff was issued an incident report for possession of a weapon. At that time, Plaintiff was then placed in administrative segregation pending investigation of the charges. Plaintiff remained in administrative segregation for a period of 25 days without benefit of any hearings; he was then released to general population. Plaintiff now claims that this placement in administrative segregation was done in violation of his rights to due process.

When a plaintiff brings a civil rights action for procedural due process violations, he must show that the government deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). However, continued confinement in administrative detention does not implicate a constitutionally protected liberty interest. *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir. 1995). Although Plaintiff may have been subjected to more burdensome conditions, those conditions are "within the normal limits or range of custody which the conviction has authorized the [government] to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer of inmates to prison with more burdensome conditions of confinement not a violation of due process). It does not constitute a "grievous loss" of liberty, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), an atypical and significant hardship on the prisoners generally in relation to the ordinary incidents of prison life, nor a dramatic departure from the basic conditions or duration of the prisoner's sentence. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Accordingly, no constitutional violation occurred due to his placement in administrative segregation.

Plaintiff also claims that the existence of the weapon was fabricated, in retaliation for the

failure of Plaintiff and his cell mates to voluntarily move from their 12-man unit to three-man units. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). Merely failing to move to another housing unit hardly constitutes protected speech relating to matters of public concern; thus, Plaintiff has failed to state a claim with regards to Defendants' retaliatory motives.

Finally, Plaintiff argues that this incident constitutes cruel and unusual punishment. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Plaintiff makes no allegations regarding either element, and thus he has failed to state a claim upon which relief may be granted.[1]

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count

---

[1] The Seventh Circuit long ago considered a similar argument with respect to the control unit at USP-Marion, a facility then recognized as the most restrictive institution within the Bureau of Prisons. In that case, the Circuit found that placement in administrative segregation, even for an indefinite period of time, did not constitute cruel and unusual punishment. *Bono v. Saxbe*, 620 F.2d 609, 613-14 (7th Cir. 1980).

as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   November 15, 2007.**

/s/     DavidRHerndon
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**